David James Hanger
Darla Hanger
5610 S 206th Dr.
Buckeye, AZ 85326

Debtor in Pro Se

FILED
2010 AUG -4 PM 4: 02
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

In re:

DAVID JAMES HANGER /

DARLA HANDER

        Debtor

Case No.: 2:10-bk-21331-RJH

Chapter 7

RESPONSE TO MOVANT'S
Bank of New York MOTION FOR RELIEF
FROM THE AUTOMATIC STAY

Movant's, Bank of New York as Trustee for the Certificate holders CWABS, Inc. Asset Backed Certificates, Series 2006-8 (hereinafter collectively referred as "BONY"), motion for relief from the automatic stay should be denied for the reasons set forth:

1. Pursuant to Section 541 of the Bankruptcy Code, providing that all of debtor's legal and equitable interest become assets of the bankruptcy estate, Debtors David J. and Darla Hanger, assert all rights following commencement of a voluntary bankruptcy case under 11 U.S.C. 3 § 301 seeking relief under such chapter.

2. Debtors' equity interest in the "Property" for which Movant seeks relief is wholly or partially exempt under Bankruptcy Code §522 section (a) (2) and (b) (1).

3. Debtors assert "possessory interest" in property and claim all rights to possess the "Property" by virtue of interest created in the property, *McKechine v. Berg*, 667 N.W. 2d 628, 3002 ND 136.

4. The stay applies to both judicial and non-judicial foreclosures and, pursuant to 11 U.S.C § 362(a) <u>whether or not the foreclosure was commenced before or after bankruptcy</u>.

5. Furthermore, on information and belief Debtors bring forward allegations that creditor, BONY, lacks standing to foreclose, and is committing fraud upon the Court by holding a fraudulently conveyed Deed of Trust on Debtor's Property, hence:

6. Pursuant to 11 U.S.C. §547 and §548 (a) (1) (A) this Court should not proceed in granting any relief of bankruptcy stay, in effort to prevent BONY from receiving an illegal "windfall".

7. Movant may argue to have a "colorable claim" to foreclose on the property based on Deed of Trust; however, aside from having fraudulently conveyed Deed of Trust, the note to the property that has been bundled with other notes and sold as mortgage-backed securities or otherwise assigned and split from the Deed of Trust, becomes, for practical matter, unsecured. *Restatement of Law (3d) of Property (Mortgages) § 5.4 cmt. A (1997)*. Therefore, the Creditors, holding only the Deed of Trust suffer no default because only the Note holder is entitled to the payment. The Deed of Trust as security document to the property becomes worthless in the hands of anyone except a person who has the right to enforce the obligation to pay; it cannot be foreclosed or otherwise enforced. *Real Estate Finance Law (4) § 5.27 (2002)*.

Having presented arguments opposing Motion to lift stay, Debtors prays for entry of order pursuant to Title 11 U.S.C. Section 362(a) and Bankruptcy Rule 4001 granting continuation of Bankruptcy Stay, or other legal remedies available by the Court, for temporary injunctive relief or restraining order.

Respectfully submitted on this 3rd day of August, 2010

David James Hanger / Darla Hanger